IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**WILLIE JAMES COLEMAN,**  PLAINTIFF,

**VS.**  CIVIL ACTION NO. 4:04CV68-P-B

**CARROLL COUNTY, ET AL.,**  DEFENDANTS.

## MEMORANDUM OPINION

This matter comes before the court upon Defendants' Motion for Summary Judgment [21-1]. Upon due consideration of the motion and the responses filed thereto the court is prepared to rule.

### I. FACTUAL BACKGROUND

On March 8, 2004, Willie James Coleman filed the instant action asserting federal-question jurisdiction via 42 U.S.C. § 1983, against Carroll County, Mississippi and its Board of Supervisors, including Marvin Coward, in their individual and official capacities for violation of his Fourteenth Amendment rights against governmental taking of property without just compensation and due process of law. From what the court can gather from a somewhat vague complaint, Coleman seeks damages under § 1983 because: (1) in 2000, Carroll County, through its Board of Supervisors, improperly declared as County Road 227 the unpaved road Coleman refers to as Potts Road, same having been the property of Coleman and his family for some eighty years; (2) Supervisor Coward had Coleman arrested for obstruction of a public road after Coleman piled gravel on what he believes is his road, the charge having been dismissed by the Circuit Court of Carroll County; (3) the County,

through its improper taking of Coleman's road without due process or just compensation, caused damage to Coleman's property when it cut ditches across the road during road maintenance causing diversion of rain water onto his property, when it tore down an electric fence Coleman erected over the subject road, and when it damaged Coleman's fences on other occasions during road maintenance. The remedies sought in the Complaint include a declaration that the subject access road is a private road, belonging to the plaintiff, not a public road; actual damages in excess of $100,000; punitive damages in excess of $10,000; and attorney fees and court costs.

On June 15, 2005, the court entered and agreed Order dismissing all of the plaintiff's claims against the defendants in their individual capacities with prejudice. In addition, said order dismissed with prejudice all of the plaintiff's claims for punitive damages.

On that same day, the defendants filed the instant motion for summary judgment. The defendants argue that all of the claims should be dismissed because: (1) Carroll County acquired title to Potts Road by adverse possession and thus its 2000 official designation of the road as CR 227 on the official map, as well as its posting of official signs along the road, did not violate the plaintiff's constitutional rights; (2) the defendants are immune to the plaintiff's claims because Mississippi Code Annotated § 65-7-4 required that the Board of Supervisors prepare an official map wherein each public road on the country road system must be delineated and Mississippi Code Annotated § 11-46-9 establishes that government entities and their employers shall not be liable for any claim arising out of the performance of a statute; (3) there can be no taking without due process because the plaintiff did not appeal the Board of Supervisors's decision to the Circuit Court as required by Mississippi Code Annotated § 11-51-75; and (4) the plaintiff has provided no evidence establishing damages with sufficient certainty to remove them from the realm of speculation or

conjecture pursuant to *Evans v. Clemens*, 872 So.2d 23, 29 (Miss. Ct. App. 2003).

In response, the plaintiff maintains that the defendants cannot meet all of the elements for adverse possession – especially not the requirements of continuous, hostile, and exclusive ownership uninterrupted for over ten years. Furthermore, Coleman insists that the county did not comply with § 65-7-4 because it failed to produce a memorandum of every proceeding in reference to Potts Road / CR 227 and the date of such proceeding. Coleman asserts that since the Board of Supervisors can only speak through its minutes, citing *Martin v. Newell*, 198 Miss. 809, 815 (1945), and since there are no minute entries regarding claiming Potts Road as CR 227, there was no final decision that Coleman could have appealed to the Circuit Court of Carroll County. With respect to the defendants' argument that he has shown no specifics regarding damages, the plaintiff simply restates his prior position while providing no figures, estimates, or any other specific evidence establishing how much he seeks in actual damages.

In reply, the defendants point out that contrary to Coleman's assertion otherwise, the Board of Supervisors's July 5, 2000 decision to adopt as official the map of the county roads, which included designation of Potts Road as CR 227, was the final decision that the plaintiff should have appealed to the Circuit Court of Carroll County pursuant to § 11-51-75. By not availing himself of the statutory procedures, the defendants argue, the plaintiff cannot now have a valid § 1983 claim for an unconstitutional taking.

## II. DISCUSSION

### A. Summary Judgment

Summary judgment should be entered only if "[t]here is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The

party seeking summary judgment has the initial burden of demonstrating through the evidentiary materials that there is no actual dispute as to any material fact in the case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). On motion for summary judgment, "[t]he inquiry performed is the threshold inquiry of determining whether there is a need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). In determining whether this burden has been met, the court should view the evidence introduced and all factual inferences from that evidence in the light most favorable to the party opposing the motion. *Id*. Furthermore, "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, *supra*, at 322.

The summary judgment procedure does not authorize trial by affidavit. Rather, "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether he is ruling on a motion for summary judgment or for a directed verdict." *Anderson v. Liberty Lobby, Inc.*, *supra*, at 255. Accordingly, a court may not decide any factual issues found in the record on motion for summary judgment, but if such material issues are present, the court must deny the motion and proceed to trial. *Impossible Elec. Tech. v. Wackenhut Protection Systems*, 669 F.2d 1026, 1031 (5 Cir. 1982); *Environmental Defense Fund v. Marsh*, 651 F.2d 983, 991 (5 Cir. 1981); *Lighting Fixture & Electric Supply Co. v. Continental Ins. Co.*, 420 F.2d 1211, 1213 (5 Cir. 1969).

Under the provisions of Federal Rule of Civil Procedure 56(e), a party against whom a

motion for summary judgment is made may not merely rest upon his pleadings, but must, by affidavit, or other materials as provided in Rule 56, inform the court of specific facts showing that there is a genuine issue for trial. *Celotex Corp. v. Catrett*, *supra*, at 324.

Summary judgment is not proper if a dispute about a material fact is "genuine," or in other words the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson*, *supra* at 248. There is no such issue unless the evidence sufficiently supports the non-moving party's version of the facts for a jury to return a verdict in the non-moving party's favor. *Id*., at 249. The relevant inquiry is whether or not there is sufficient disagreement on the facts to submit them to the jury or whether it is so one-sided that one party should prevail as a matter of law. *Id*., at 251. The issue must be genuine, and not pretended, and the evidence relied on to create such an issue must be substantial. *Southern Distributing Co. v. Southdown, Inc.*, 574 F.2d 824, 826 (5th Cir. 1978); *Schuchart & Associates v. Solo Serve Corp.*, 540 F.Supp. 928, 939 (WD Tex. 1982).

**B. Adverse Possession**

In *Skates v. Bryant*, the Mississippi Supreme Court held that:

> [T]he necessary elements to establish a public road by prescription, much like those for adverse possession, include (1) open, notorious and visible, (2) hostile, (3) under claim of ownership, (4) exclusive, (5) peaceful, and (6) continuous and uninterrupted for ten years. When a road is not proven to be a dedicated public road under statute, there must be more evidence than a mere travel by the public on the road for ten years. The owner must "know of and acquiesce in the adverse claim, or the use must be so open, notorious, visible, and uninterrupted that knowledge and acquiescence will be presumed."

863 So.2d 907, 912 (Miss. 2003). The burden of proof to establish adverse possession is clear and convincing evidence. *Stringer v. Robinson*, 760 So.2d 6, 9 (Miss. Ct. App. 1999).

According to the defendants, Carroll County has been dumping gravel and maintaining the

road for public use two or three times a year in an open and visible manner for approximately seventeen years. The defendants maintain that Coleman never disputed the County's use of the road until 2000 – twelve years after Supervisor Coward was elected and began maintaining the road.

The plaintiff rebuts that maintenance alone does not render a private road into a public road, citing an as yet unpublished opinion from the Mississippi Court of Appeals in *Lee County Board of Supervisors v. Scott*, – So.2d –, 2005 WL 225329 (Miss. Ct. App. February 1, 2005). In circumstances very similar to those at bar, the Court in *Scott* held that there was no county ownership of the road by prescription and that "it is error for the Board to rely solely on the fact that it has maintained the roads for more than ten years to prove their prescriptive ownership." *Id*. at *2. In *Scott*, like the instant case, there was no reference to the road in the Board's minutes and, despite this, the Board concluded in June 2000 to include the road as a county road on the official map because the county had maintained the road for at least ten years, and because the road had been used by the public. However, unlike the present case, the landowner in *Scott* appealed the Board's decision to the Circuit Court as required by Mississippi Code Annotated § 11-51-75.

The issue of adverse possession or county ownership of a road by prescription is presented in this case as one of the defenses to the plaintiff's § 1983 claim for a taking of his road without due process and just compensation. The court concludes said defense is unavailing and has not been proven by clear and convincing evidence. The defendants have produced no evidence, other than road maintenance and occasional public use, that they had notorious, hostile, exclusive, continuous and uninterrupted ownership of Potts Road for ten years.

## C. Using State Remedies to Appeal Board's Decision

"[I]f a state provides an adequate procedure for seeking just compensation, the property owner cannot claim a violation of the Just Compensation Clause until it has used the procedure and been denied just compensation." *Williamson County Regional Planning Comm'n v. Hamilton Bank*, 473 U.S. 172, 195 (1985). Considering the Supreme Court's opinion in *Hamilton Bank*, the Fifth Circuit Court of Appeals held that "a takings plaintiff must obtain a final decision from the decision-making entity and must avail itself of state procedures for obtaining compensation *before* the federal takings claim ripens." *Liberty Mutual Ins. Co. v. Brown*, 380 F.3d 793, 797 (5th Cir. 2004) (emphasis added).

Pursuant to Mississippi Code Annotated § 11-51-75, anyone aggrieved by a Board of Supervisors's decision has ten days to appeal that decision via a bill of exceptions to the appropriate Circuit Court of Mississippi. The plaintiff in this case argues that because the Board can only speak through its minutes, and because no mention in the minutes was ever made of rendering Potts Road into CR 227, there was no final decision to appeal to the Circuit Court. The defendants counter that the final decision that should have been appealed was in 2000 when the Board adopted the official map.

The court concludes that the plaintiff should have appealed to the Circuit Court of Carroll County the Board's 2000's designation of Potts Road as County Road 227 on the official map that it was required to draw by Mississippi Code Annotated § 65-7-4. The plaintiff did not "avail itself of state procedures for obtaining compensation," thereby not allowing his federal takings claim to ripen. Therefore, the defendants' motion for summary judgment should be granted on this point alone.

**D. Damages**

In any event, the defendants are correct that the plaintiff has proffered no specific evidence of what actual damages he believes he is owed. Other than the Complaint's declaration that he is owed in excess of $100,000 in actual damages, the plaintiff has never posited a dollar amount or any other evidence as to the worth of the land he lost, the cost of the damage to his electric fence, the cost of the damage to his property due to the diversion of water allegedly caused by county maintenance on Potts Road / CR 229 or 75, whichever the case may be, or any monetary damages associated with his unarticulated claim akin to malicious prosecution for having been arrested for piling gravel on the road. As correctly cited by the defendants, plaintiffs must introduce enough evidence to establish damages with sufficient certainty to remove them from the realm of speculation or conjecture. *Evans v. Clemens*, 872 So.2d 23, 29 (Miss. Ct. App. 2005). In the present case, the plaintiff has failed to do so.

### III. CONCLUSION

For the reasons discussed above, the court concludes that Defendants' Motion for Summary Judgment [21-1] should be granted. Even after viewing the facts in a light most favorable to the plaintiff, there is no genuine issue of material fact necessitating a trial. Accordingly, an Order shall issue forthwith,

**THIS DAY** of August 26, 2005.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE